```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/29/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>   -against-<br><br>WESCO INSURANCE COMPANY,<br><br>      Defendant. | 1:19-cv-4260-MKV |
| WESCO INSURANCE COMPANY,<br><br>      Third-Party Plaintiff,<br><br>   -against-<br><br>COLONY INSURANCE COMPANY,<br><br>      Third-Party Defendant. | 1:19-cv-4260-MKV |
| WESCO INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>   -against-<br><br>COLONY INSURANCE COMPANY,<br><br>      Defendant. | 1:19-cv-3295-MKV<br><br>OPINION & ORDER |

MARY KAY VYSKOCIL, United States District Judge:

  These consolidated actions involve a coverage dispute among insurers in connection with an underlying lawsuit for injuries that a worker allegedly sustained during a construction project. U.S. Specialty Insurance Company ("USSIC") seeks summary judgment declaring that Wesco Insurance Company ("Wesco") is obligated to defend and indemnify three USSIC insureds, SGN 443 Greenwich Street Owner LLC ("SGN"), 443 Developer LLC ("443 Developer"), and Collaborative Construction Management LLC ("CCM"), that were involved in the project and have been name as defendants in the underlying lawsuit [19-cv-4260 ECF #45]. Wesco opposes

USSIC's motion only in part, only on the ground that Colony Insurance Company ("Colony") has a duty to defend 443 Developer on a primary basis. Wesco seeks summary judgment declaring that 443 Developer and Rockaway Contracting Corp. ("Rockaway"), another company involved in the project and named in the underlying lawsuit, are additional insureds under the relevant Colony policy and that Colony has a duty to defend them [19-cv-4260 ECF #44]. Colony opposes Wesco's motion. For the reasons set forth below, the motions of both USSIC and Wesco are GRANTED.

## I.  BACKGROUND[1]

A. <u>Facts, Contracts, and Policies</u>

SGN 443 Greenwich Street Owner LLC ("SGN") owned a warehouse at 443 Greenwich Street in New York City. *See* USSIC 56.1 ¶ 2; Wesco Counter to USSIC 56.1 ¶ 2; Colony 56.1 ¶¶ 3, 5. SGN hired 443 Developer LLC ("443 Developer") as the general contractor for a construction project to convert the warehouse into an apartment building. *See* USSIC 56.1 ¶ 2; Wesco Counter to USSIC 56.1 ¶ 2; Colony 56.1 ¶ 3. Collaborative Construction Management LLC ("CCM") was the construction manager for the project. *See* USSIC 56.1 ¶ 3; Wesco Counter to USSIC 56.1 ¶ 3. As discussed below, U.S. Specialty Insurance Company ("USSIC") issued a policy that provides insurance coverage to SNG, 443 Developer, and CCM for the construction project [ECF #46-3 ("USSIC Policy")]. *See* USSIC 56.1 ¶¶ 13–15; Wesco Counter to USSIC 56.1 ¶¶ 13–15.

---

[1] The actions numbered 19-cv-3295 and 19-cv-4260 were consolidated for pre-trial purposes [19-cv-4260 ECF #24], and all of the briefing on the parties' motions for summary judgment was filed in 19-cv-4260. Hereinafter, unless otherwise noted, the Court's citations to ECF docket entries refer to the docket in 19-cv-4260. The facts are taken from the parties' Local Civil Rule 56.1 statements [ECF #47 ("USSIC 56.1"), 53 ("Wesco Counter to USSIC 56.1"), 57 ("Colony 56.1"), 60 ("Wesco 56.1"), 66 ("Colony Counter to Wesco 56.1")], the affidavits and declarations submitted in connection with this motion, and the exhibits attached thereto.

443 Developer hired Rockaway Contracting Corp. ("Rockaway"), as a subcontractor, to perform drywall and carpentry work [ECF #46-7 ("443 Developer-Rockaway Subcontract")]. *See* USSIC 56.1 ¶ 1; Wesco Counter to USSIC 56.1 ¶ 1; Colony 56.1 ¶ 3. Rockaway hired JPB Fabrications Inc. ("JPB") to perform certain work Rockaway had agreed to perform [ECF #44-2 at 55–61 ("Rockaway-JPB Subcontract"), 62–65 ("Rockaway-JPB Subcontract Rider")]. *See* USSIC 56.1 ¶ 7; Wesco Counter to USSIC 56.1 ¶ 7; Colony 56.1 ¶ 4. JPB, in turn, hired PTC Construction Corp. ("PTC") to perform work that it had agreed to perform. *See* USSIC 56.1 ¶ 8; Wesco Counter to USSIC 56.1 ¶ 8; Colony 56.1 ¶ 6.

PTC employed Carlos Alberto Gomez-Gomez ("Gomez-Gomez"). *See* USSIC 56.1 ¶ 11; Wesco Counter to USSIC 56.1 ¶ 11; Colony 56.1 ¶ 7. He alleges that he was injured while working on the construction project. *See* USSIC 56.1 ¶ 10; Wesco Counter to USSIC 56.1 ¶ 10; Colony 56.1 ¶ 7. Gomez-Gomez brought an action against SNG, 443 Developer, CCM, Rockaway, and JPB, among others, in New York State Supreme Court, Queens County, Index No. 713583/2016 ("Gomez-Gomez Action"). *See* USSIC 56.1 ¶ 9; Wesco Counter to USSIC 56.1 ¶ 9; Colony 56.1 ¶ 7.

The 443 Developer-Rockaway Subcontract required Rockaway, and subcontractors "of every tier," to obtain insurance naming SNG, 443 Developer, and CCM as additional insureds. *See* 443 Developer-Rockaway Subcontract, Art. 8 & Exh. D; USSIC 56.1 ¶¶ 4–6; Wesco Counter to USSIC 56.1 ¶¶ 4–6. The subcontract contains an indemnification provision in which Rockaway agreed to defend, indemnify, and hold harmless SNG, 443 Developer, and CCM from claims relating to Rockaway's subcontractors of any level. USSIC 56.1 ¶ 6; Wesco Counter to USSIC 56.1 ¶ 6. It specifies that Rockaway's insurance would be "primary insurance to the additional insured parties." USSIC 56.1 ¶ 5; Wesco Counter to USSIC 56.1 ¶ 5. The USSIC

Policy that provides coverage to SNG, 443 Developer, and CCM also specifies that it is excess to other insurance. USSIC 56.1 ¶ 16; Wesco Counter to USSIC 56.1 ¶ 16.

Wesco Insurance Company ("Wesco") issued a policy to Rockaway [ECF #46-6 ("Wesco Policy")]. *See* USSIC 56.1 ¶ 17; Wesco Counter to USSIC 56.1 ¶ 17. The policy contains several endorsements that provide additional insured coverage to SNG, 443 Developer, and CCM as required by the 443 Developer-Rockaway Subcontract. *See* USSIC 56.1 ¶¶ 17–22; Wesco Counter to USSIC ¶¶ 17–22. The Wesco Policy specifies that the additional insured coverage "applies on a primary basis" if the underlying contract so requires. *See* USSIC 56.1 ¶ 20; Wesco Counter to USSIC ¶ 20. It also specifies that if other primary insurance is available to Rockaway, the Wesco Policy is excess. *See* Wesco 56.1 ¶ 17; Colony Counter to Wesco 56.1 ¶ 17. The Wesco Policy further specifies that, with respect to the additional insureds, where other primary insurance is available, Wesco will contribute on an equal-shares basis. *See* Wesco 56.1 ¶ 17; Colony Counter to Wesco 56.1 ¶ 17.

Colony Insurance Company ("Colony") issued a policy to JPB [ECF #44-8, 44-9, 44-10 ("Colony Policy")]. *See* Colony 56.1 ¶ 1; Wesco 56.1 ¶ 19. Although Colony disputes this, as the Court explains below, the Rockaway-JPB subcontract requires JPB to include Rockaway and 443 Developer as additional insureds. *See* Colony 56.1 ¶ 5; Wesco 56.1 ¶ 9; Rockaway-JPB Subcontract Rider ¶ 1(c); Rockaway-JPB Subcontract at 1; Rockaway-JPB Subcontract Rider at 1. The Colony Policy specifies that the insurance for additional insureds "required by written contract" is "primary." Wesco 56.1 ¶ 22; Colony Counter to Wesco 56.1 ¶ 22.

The Colony Policy contains an endorsement entitled "No Coverage Applies If Contractor Conditions Not Met" [ECF #44-10 at 2–3 ("Contractor Conditions Endorsement")]. The endorsement states that, "[a]s a condition precedent to any rights the insured may have under this

4

Policy, the insured must comply with all of the conditions enumerated" in the endorsement. Contractor Conditions Endorsement at 1. It explains that, "[i]f the insured fails to comply," Colony "will have no obligation to either defend or indemnify the insured for any claims or legal actions brought against any insured." *Id*. The endorsement then specifies that "[t]he insured hereby warrants and agrees that any 'contractor'" has "maintained 'adequate insurance.'" *Id*. It defines contractor as a contractor, subcontractor, "or any other person or entity hired to perform work for the insured or on the insured's behalf." *Id.* at 2.

B. Procedural History

Wesco initiated an action against Colony in New York State Supreme Court, and Colony removed the case to this Court [19-cv-3295 ECF #2; *accord* 19-cv-4260 ECF #44-15]. In that case, Wesco asserted a claim for a declaratory judgment that Colony must defend and indemnify Rockaway, on a primary and non-contributory basis, and reimburse Wesco for defense costs in the Gomez-Gomez action. USSIC later initiated, in this Court, an action against Wesco, seeking a declaratory judgment that Wesco must defend and indemnify SGN, 443 Developer, and CCM on a primary and non-contributory basis [19-cv-4260 ECF #1]. Wesco then filed a third-party complaint against Colony, seeking a judgment declaring that, to the extent that Wesco must defend and indemnify 443 Developer, and is therefore liable to USSIC for defense costs, Colony is likewise required to provide coverage and pay costs [ECF #17]. The Court consolidated these actions for pretrial purposes [ECF #24].

USSIC moves for summary judgment against Wesco [ECF #45, 46, 47 ("USSIC 56.1"), 48 ("USSIC Mem."), 68, 69, 70]. Wesco opposes USSIC's motion in part [ECF #52 ("Wesco Partial Opp."), 53 ("Wesco Counter to USSIC 56.1")]. Wesco moves for summary judgment against Colony [ECF #44, 44-4 ("Wesco Mem."), 60 ("Wesco 56.1"), 67, 67-3]. Colony opposes

5

Wesco's motion [ECF #54, 55, 56 ("Colony Opp."), 57 ("Colony 56.1"), 65, 66 ("Colony Counter to Wesco 56.1")].

## II.     LEGAL STANDARDS

Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson*, 477 U.S. at 247–48. In a diversity case, a federal court applies state substantive law, and the parties agree that New York law applies here.  *See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002).

## III.    DISCUSSION

A. Wesco Must Defend and Indemnify SGN, 443 Developer, and CCM.

USSIC argues that (1) SGN, 443 Developer, and CCM are additional insureds under the Wesco Policy, (2) Wesco has a duty defend and indemnify them in the Gomez-Gomez action, and (3) Wesco's duty is primary to and non-contributory with USSIC's duty.  Wesco does not disagree.  *See* Wesco Partial Opp. at 1–2,12.  Wesco opposes in part USSIC's motion for summary judgment only on the ground that USSIC overlooks that Colony also has a duty to defend and indemnify 443 Developer and, as such, to share in Wesco's liability to USSIC for defense costs.  *See id.*

Wesco stresses that a court must consider all of the relevant policies at issue to determine priority of coverage and determine which insurer is required to pay defense costs.  *See BP Air Conditioning Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 716 (2007); *see also* B. Ostrager &

6

T. Newman, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 6.02 (20th ed. 2019).  As the Court explains below, Colony shares the duty to defend and indemnify 443 Developer on a co-primary basis with Wesco.  However, nothing in Wesco's brief in partial opposition to USSIC's motion changes that (1) SGN, 443 Developer, and CCM are additional insureds under the Wesco Policy, (2) Wesco has a duty defend and indemnify them in the Gomez-Gomez action, and (3) Wesco's duty is primary to and non-contributory with USSIC's duty.

Wesco also asserts that USSIC misstates the date on which USSIC tendered the defense and indemnification of SGN, 443 Developer, and CCM in the Gomez-Gomez action to Wesco. Wesco argues that date of tender sets the "start date" for Wesco's liability for USSIC's defense costs.  *See Dynatec Contracting, Inc. v. Burlington Ins. Co.*, 2020 WL 3272817, at *1 (1st Dep't June 18, 2020).  However, generally, the "duty to defend is triggered by a 'suit, against an insured," and "not . . . [the] initial tender of the defense." *HRH Const. Interiors, Inc. v. Royal Surplus Lines Ins. Co.*, 16 A.D.3d 115, 117, 791 N.Y.S.2d 7 (1st Dep't 2005).  Of course, proper notice of a claim is required to trigger an insurer's duty to defend. *Holmes v. Morgan Guar. & Tr. Co. of New York*, 223 A.D.2d 441, 442, 636 N.Y.S.2d 778 (1996).  Here, the record establishes that Wesco had notice of the alleged accident and the Gomez-Gomez action [ECF #68-1]. *See generally* Ostrager & Newman §§ 4.06, 5.01(b), (c).  Accordingly, the appropriate remedy for Wesco's breach of its duty to defend is to reimburse its share of "any and all legal costs incurred in defending" the Gomez-Gomez action.  *Urb. Res. Inst., Inc. v. Nationwide Mut. Ins. Co.*, 191 A.D.2d 261, 262, 594 N.Y.S.2d 261 (1st Dep't 1993).

Wesco has not raised any question of material fact bearing on Wesco's liability to USSIC. The Court, therefore, grants USSIC's motion for summary judgment.  However, because the Court reviews "all of the relevant policies at issue" when determining the priority of coverage,

7

the Court declines to rule that Wesco, alone, is required to reimburse USSIC for all defense costs with respect to 443 Developer. *BP Air Conditioning*, 8 N.Y.3d at 716. Rather, as the Court explains below, Colony must share the costs. *See Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 655, 609 N.E.2d 506 (1993) ("When more than one policy is triggered by a claim, pro rata sharing of defense costs may be ordered.").

B.  Colony Must Defend and Indemnify Rockaway and 443 Developer.

Wesco moves for summary judgment on its claims, asserted in its original and third-party complaints against Colony, that (1) Rockaway and 443 Developer are additional insureds under the Colony Policy, (2) Colony has the primary and non-contributory duty to defend Rockaway, and (3) Colony's duty to 443 Developer is co-primary with Wesco's and, therefore, Colony must share equally in the defense costs for 443 Developer owed to USSIC. Colony disputes that Rockaway and 443 Developer are additional insureds and argues that, even if they are additional insureds, Colony was entitled to deny coverage based on breaches of conditions precedent. However, Colony does not dispute that any duty to Rockaway is primary and non-contributory and any duty to 443 Developer is co-primary with Wesco, such that it must contribute to defense costs on an equal-shares basis.

There is no dispute that the Colony Policy extends coverage to additional insureds "as required by written contract." Wesco 56.1 ¶ 22; Colony Counter to Wesco 56.1 ¶ 22. Colony, however, argues that Wesco has not established that Rockaway and 443 Developer are additional insureds under the Colony Policy because Wesco has not established the admissibility of the Rockaway-JPB subcontract that requires JPB to include them as additional insureds under the Colony Policy. This argument has no merit.

8

On a motion for summary judgment, litigants may, and commonly do, rely on affidavits "made on personal knowledge." *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001). Wesco relies on the declaration of Rockaway principal Peter Kalikow, who authenticated the Rockaway-JPB subcontract based on his "personal knowledge" and as a document "maintained in the regular course of Rockaway's business" [ECF #44-2 ("Kaplow Decl.") at 1]. *See Ramade v. C.B. Contracting Corp.*, 127 A.D.3d 596, 597, 8 N.Y.S.3d 284 (1st Dep't 2015). Colony contends that Wesco was also required to submit "evidence that it bears the authentic signature from someone authorized to sign on behalf of JPB." Colony Opp. at 10. Colony cites no authority for this contention. Indeed, Colony concedes that "material relied on at summary judgment need not be admissible in the form presented to the district court, . . . . so long as the evidence in question will be presented in admissible form at trial." *United States v. New York City Dep't of Educ.*, 407 F. Supp. 3d 365, 391 (S.D.N.Y. 2018) (quoting *Smith v. City of New York*, 697 F. App'x 88, 89 (2d Cir. 2017)). Colony offers absolutely no reason to doubt that the Rockaway-JPB subcontract would be admissible at trial. *See Santos*, 243 F.3d at 683.

Colony next argues that the Rockaway-JPB subcontract does not require JPB to include 443 Developer as an additional insured under the Colony Policy. Colony Opp. at 10–11. The subcontract states that "Contractor and Owner shall be named as 'additional insureds.'" Colony 56.1 ¶ 5; Wesco 56.1 ¶ 9; Rockaway-JPB Subcontract Rider ¶ 1(c). There is no dispute that "Contractor," here, means Rockaway. *See* Rockaway-JPB Subcontract at 1; Wesco 56.1 ¶ 9; Colony Opp. at 11. There is also no dispute that SNG, not 443 Developer, owned the site of the construction project. *See* USSIC 56.1 ¶ 2; Wesco Counter to USSIC 56.1 ¶ 2; Colony 56.1 ¶ 5. However, the Rockaway-JPB Subcontract and Rider unambiguously define the term "Owner" to mean 443 Developer in that contract. *See* Rockaway-JPB Subcontract at 1 ("Owner: 443

9

Developer LLC"); Rockaway-JPB Subcontract Rider at 1 ("OWNER: 443 Developer LLC"); *Brit. Int'l Ins. Co. v. Seguros La Republica, S.A.*, 342 F.3d 78, 82 (2d Cir. 2003) (explaining that whether a contract term is ambiguous is a question of law for the court). Where a contract is "unambiguous on its face," its meaning "must be gleaned from within the four corners of the instrument," irrespective of any extrinsic facts. *Seguros La Republica*, 342 F.3d at 82. As such, the Court concludes that the Rockaway-JPB subcontract requires JPB to include 443 Developer as an additional insured under its policy with Colony.

Wesco and Colony vigorously dispute whether Colony was entitled to disclaim coverage to Rockaway and 443 Developer based on JPB's breach of a condition precedent under the policy. The Contractor Conditions Endorsement of the Colony policy states that, as "a condition precedent" to coverage, "the insured must comply" with certain enumerated conditions. Contractor Conditions Endorsement at 1. In particular, "the insured . . . warrants and agrees that any 'contractor,'" defined as a contractor or subcontractor "hired to perform work for the insured or on the insured's behalf," has "maintained 'adequate insurance.'" *Id.* at 1, 2. Colony relied on the Contractor Conditions Endorsement to disclaim coverage to any insured. It explained that "JPB has failed to comply" because "PTC did not have 'adequate insurance,'" as defined in the endorsement [ECF #44-3 at 186].

Wesco argues that JPB's breach of the Contractor Conditions Endorsement is not a basis for disclaiming coverage to Rockaway and 443 Developer, which hired subcontractors that did maintain adequate insurance. Wesco stresses that, under New York law, courts must construe conditions narrowly and resolve ambiguities in favor of the insured. *See Vella v. Equitable Life Assur. Soc. of the United States*, 887 F.2d 388, 391 (2d Cir. 1989) (citing *Dilleber v. Home Life Ins. Co.*, 69 N.Y. 256, 264 (1877) ("Conditions and provisos must be strictly construed against

10

the insurers."). Wesco argues that whether a breach by the named insured bars coverage for any insured turns on whether the policy uses the term "the insured," or broader language such as "any insured." *See Endurance American Specialty Ins. Co. v Century Sur. Co.*, 630 Fed. Appx. 6, 8 (2d Cir. 2015); *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 164 (1992); *Greaves v. Public Serv. Mut. Ins. Co.*, 5 N.Y.2d 120, 124–25 (1959).

Wesco cites *233 E. 17th Street, LLC v. L.G.B. Dev., Inc.*, 78 A.D.3d 930, 913 N.Y.S.2d 110 (2nd Dep't 2010). In that case, the Appellate Division ruled: "that the primary insured had breached a condition precedent under the policy[,] which voided coverage, was not sufficient for disclaiming coverage as to the [additional insured]." 78 A.D.3d at 931. The court explained that "[e]ach individual additional insured must be treated as if it had a separate policy of its own with the insurer" and "there is no evidence that the [additional insured] breached the particular condition precedent upon which [the insurer] relies" to disclaim coverage. *Id*. (citing *Greaves*, 5 N.Y.2d at 124–25).

The Contractor Conditions Endorsement here states that if "*the* insured fails to comply," then Colony "will have no obligation to either defend or indemnify *the* insured for any claims or legal actions against any insured." Contractor Conditions Endorsement at 1 (emphasis added). In the light of the cases cited above, this language makes clear that a breach by "the" particular insured bars coverage only for that same insured, albeit in the context of an action against any insured. *See 233 E. 17th Street*, 78 A.D.3d at 931. Indeed, Colony's use of the different terms "the insured" and "any insured" shows that Colony knew how to "alter[] the language 'the insured' to language expressing a different intent, such as 'any insured.'" *Endurance American*, 630 F. App'x at 8; *see Nautilus Ins. Co. v. Matthew David Events, Ltd.*, 69 A.D.3d 457, 460, 893 N.Y.S.2d 529, 532 (1st Dep't 2010) (it is "well settled" that courts must give "effect to all the

11

terms," rather than ignore distinctions). Moreover, the Colony policy defines a "Contractor" as a contractor or subcontractor "hired to perform work for *the* insured or on *the* insured's behalf." Contractor Conditions Endorsement at 2 (emphasis added). If Colony wished to bar coverage for *all* insureds based on the inadequate insurance of *any* insured's subcontractor, it could have said so. *See Nautilus Ins. Co. v. Barfield Realty Corp.*, 2012 WL 4889280, at *5 (S.D.N.Y. Oct. 16, 2012) (describing an exclusion involving a "contractor or subcontractor whether hired by or on behalf of *any* insured") (emphasis added).

Colony cites two unreported district court cases concluding that a contractor conditions endorsement barred coverage for all insureds based on the inadequate insurance of the named insured's contractor. *See Mt. Hawley Insurance Co. v. Liberato*, 2010 WL 2653326 (E.D.N.Y. June 25, 2010); *Mt. Hawley Insurance Co. v. National Builders LLC*, 2009 WL 1919611 (S.D.N.Y. June 25, 2009). However, these cases are not controlling. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("decision of a federal district court judge is not binding precedent"). Rather, in applying New York law, the Court must follow a decision of the New York Court of Appeals, or, where it has not ruled directly on an issue, "carefully . . . predict" what its decision would be. *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994). In making such a prediction, the Court must give "'proper regard' to relevant rulings of other courts of the State." *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465 (1967); *see also Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940) (directing a federal court to "follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently").

In *233 E. 17th Street*, the Appellate Division relied on guidance from the New York Court of Appeals to decide that the breach of a condition precedent by a named insured was not

sufficient to deny coverage to an additional insured. *233 E. 17th Street*, 78 A.D.3d at 931 (citing *Greaves*, 5 N.Y.2d at 124–25). This Court must give that decision due regard. *Estate of Bosch*, 387 U.S. at 465. To be sure, the Court may also consider the district court cases Colony cites in its effort "to predict how the New York Court of Appeals would resolve the questions at bar." *633 Third Assocs.*, 14 F.3d at 119. However, the Court does not find those cases persuasive in this context. As an initial matter, in each case, the insurer's argument about the breach of the endorsement was either unopposed or conceded. *Liberato*, 2010 WL 2653326, at *4 n.5 ("Mt. Hawley's argument that the Liberato claim is void based on the Contractors—Conditions of Coverage endorsement is unopposed"); *National Builders*, 2009 WL 1919611, at *3 ("Defendants do not dispute that they failed to comply with . . . the conditions"). Neither case considered the specificity or breadth of the policy language describing the relevant insured (that is, "the" versus "any" insured), which the New York Court of Appeals has instructed courts to do in other contexts. *See Mugavero*, 79 N.Y.2d at 164; *Greaves*, 5 N.Y.2d at 124–25. Moreover, the endorsement at issue in those cases refers to "all subcontractors," 2010 WL 2653326, at *4, while the Colony policy is specifically defined in terms of a subcontractor hired by "*the* insured," Contractor Conditions Endorsement at 2 (emphasis added). For all of these reasons, the Court concludes that JPB's breach of the Contractor Conditions Endorsement to the Colony Policy was not a basis for Colony to disclaim coverage to Rockaway and 443 Developer.

Colony next argues that Rockaway and 443 Developer, themselves, failed to comply with the Contractor Conditions Endorsement. However, as noted above, Colony disclaimed coverage to all insureds on the sole ground that JPB failed to comply with the adequate insurance condition [ECF #44-3 at 186]. Thus, Colony waived its right to deny coverage to Rockaway and 443 Developer based on other failures to comply with the Contractor Conditions Endorsement.

*See Burt Rigid Box*, 302 F.3d at 95 ("Courts may find waiver where, for example, an insurance company disclaims coverage for failure to satisfy one condition precedent but neglects to assert other such conditions."); *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692, 698, 417 N.E.2d 84 (1980); *General Accident Insurance Group v. Cirucci*, 46 N.Y.2d 862 (1979).

Finally, Colony asserts that it has no duty to defend Rockaway and 443 Developer in the Gomez action. Colony's assertion that it has no duty to defend relies entirely on its arguments that the Contractor Conditions Endorsement precludes coverage. The Court has already rejected these arguments.

It is undisputed that, under the Colony Policy, its duty to additional insureds is "primary." Wesco 56.1 ¶ 22; Colony Counter to Wesco 56.1 ¶ 22. Moreover, in its brief, Colony fails to contest in any way Wesco's priority-of-coverage position—*i.e.*, that, if coverage exists, the Colony Policy is solely primary with respect to Rockaway and co-primary with respect to 443 Developer. Colony has, therefore, waived any such argument. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In any event, unrebutted evidence in the record supports Wesco's priority-of-coverage position.

Accordingly, for the reasons set forth above, the Court holds that (1) Rockaway and 443 Developer are additional insureds under the Colony policy, (2) Colony has a duty to defend Rockaway on a primary and non-contributory basis, and (3) Colony has a duty to defend 443 Developer on a co-primary basis with Wesco and, therefore, must contribute to USSIC's defense costs on an equal-shares basis.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the motions for summary judgment of both USSIC [ECF #45] and Wesco [ECF #44] are GRANTED. The Clerk of Court is respectfully directed to close 19-cv-4260 and 19-cv-3295.

**SO ORDERED.**

**Date: March 29, 2021**             *Mary Kay Vyskocil*
 **New York, NY**             **MARY KAY VYSKOCIL**
                **United States District Judge**